IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNIE FRITZ,

      Applicant,

v.                                           CV NO. 07-0585 WJ/LAM

JAMES JANECKA, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

1.     **THIS MATTER** is before the Court on *Respondents' Motion to Dismiss Petition with Prejudice (Federal Habeas Corpus Proceeding / 28 U.S.C. § 2254) (Doc. 11)* (hereinafter "*Motion to Dismiss*"),[2] filed on September 28, 2007.  Respondents also filed their *Respondents' Memorandum Brief in Support of Motion to Dismiss Petition with Prejudice (Federal Habeas Corpus Proceeding / 28 U.S.C. § 2254) (Doc. 12)* (hereinafter "*Brief in Support of Motion to Dismiss*"), on September 28, 2007.  Applicant filed his *Reply to Respondent's [sic] Motion to Dismiss (Doc. 13)* (hereinafter "*Response to Motion to Dismiss*"), on October 18, 2007, which the Court construes as a response to the *Motion to Dismiss*.  Respondents did not file a reply to the

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections  with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-07-0585.

*Response to Motion to Dismiss*, making the *Motion to Dismiss* ready for ruling.  The Court has considered the parties' submissions and relevant law.[3]  For the reasons set forth below, the Court recommends that ***Respondents' Motion to Dismiss Petition with Prejudice (Federal Habeas Corpus Proceeding / 28 U.S.C. § 2254)*** (*Doc. 11*) be **GRANTED**, that Mr. Fritz' ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) be **DENIED** as without merit, and that this case be **DISMISSED WITH PREJUDICE**.  Because all of the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).

2.      The Court construes Mr. Fritz' claims as follows: (1) ineffective assistance of counsel for (a) failing to move to sever the felon in possession of a firearm count, (b) failing to ask for a limiting instruction concerning the felon in possession of a firearm charge, and (c) moving for a continuance of Mr. Fritz' trial without his permission; (2) prosecutorial misconduct for failing to provide sufficient evidence of the charges against Mr. Fritz and for failing to dismiss the crime of aggravated assault on double jeopardy grounds; (3) judicial misconduct for denying Mr. Fritz' motion to suppress the police stop of his vehicle; (4) violation of the right to a speedy and public trial; and

---

[3]Mr. Fritz filed an ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) (hereinafter, "***Application***"), on June 18, 2007, Respondents filed an ***Answer*** *(Doc. 6)*, on July 23, 2007; and Mr. Fritz filed what the Court will construe as a response to the ***Answer*** titled ***Reply*** *(Doc. 7)* (hereinafter "***Response to Answer***"), on August 16, 2007.

(5) vindictive or malicious prosecution for failing to fully inform the state district court and Supreme Court of New Mexico of all the facts surrounding the issue of extending the time for Mr. Fritz' trial.[4]

       3.      Respondents state that Mr. Fritz has exhausted available state court remedies for all of his claims except for the claim of violation of his right to a speedy and public trial.[5]  Without providing any support for their claim, Respondents state that since the New Mexico Court of Appeals denied Mr. Fritz' claim of violation of his right to a speedy trial because it found that the claim was not properly preserved for appeal, "procedural default may bar review of this claim."[6]  Since Mr. Fritz raised this issue on direct appeal to the New Mexico Court of Appeals and in his petition for writ of certiorari to the New Mexico Supreme Court, it appears that Mr. Fritz did exhaust available state court remedies for this claim as required by 28 U.S.C. § 2254(b)(1)(A).[7]  Regardless of whether this claim was exhausted, in the interests of judicial economy, and pursuant to 28 U.S.C. § 2254(b)(2), the Court will consider all of Mr. Fritz' claims in this case on the merits and recommend, for the reasons set forth below, that relief be denied.  *See* 28 U.S.C. § 2254(b)(2) stating that, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  *See also Patton v. Mullin*, 425 F.3d 788, 810 (10th Cir. 2005) (citing 28 U.S.C. § 2254(b)(2) as authority for the consideration of unexhausted § 2254 claims on the merits).

---

[4]*See* **Application  (Doc. 1)** at CM-ECF pages 6, 7, 9, 12 and 14 (all references so designated are to the electronic page numbers listed in the PDF header at the top of each document in the CM-ECF docket).

[5]*See* **Brief in Support of Motion to Dismiss (Doc. 12)** at 3 and 10.

[6]*Id.* at 10 and **Answer (Doc. 6-5)**, Exhibit N at CM-ECF page 6 of 48.

[7]*See* **Answer** *(Doc. 6-3)*, Exhibit K (Defendant/ Appellant's Brief in Chief for appeal to the New Mexico Court of Appeals) at CM-ECF pages 55 to 60 of 60, and **Answer** *(Doc. 6-5)*, Exhibit O (Petition for Writ of Certiorari to the New Mexico Court of Appeals) at CM-ECF page 33 of 48.

## I.  Factual and Procedural Background

4.      Mr. Fritz attended a New Year's party at a residence on December 21, 2001, and, after an argument, Mr. Fritz and others were asked to leave.[8]  Witnesses testified that after the front door of the home was closed, Mr. Fritz opened the door and pulled a gun on one of the occupants. About one hour later, a knock was heard at the door, and shots were fired into the house.  Police were called and a sergeant saw a vehicle near the house and pulled it over.[9]  Mr. Fritz was among the occupants of the vehicle and he was arrested on an outstanding warrant.  Officers found a bullet on the ground and an ammunition clip in the pocket of Mr. Fritz' pants.

5.      Mr. Fritz was arraigned on January 28, 2002, on the following charges: (1) child abuse (firearm  enhancement);  (2)  aggravated  assault  (deadly  weapon  and  firearm  enhancement); (3) shooting at a dwelling or occupied building; (4) conspiracy; (5) possession of a firearm by a felon; (6) possession of drug paraphernalia; and (7) aggravated burglary.  Mr. Fritz entered a not guilty plea.

6.      Mr. Fritz' trial was scheduled for June 2002, and his first trial counsel moved for a continuance of the trial on May 23, 2002, stating that Mr. Fritz waived time limit and speedy trial issues.  A stipulated order continuing the trial was entered.  On July 24, 2003, a stipulated joint petition for extension of time in which to commence the trial was filed by the State, asking for an extension to November 24, 2002.  The trial court granted the extension and scheduled the trial for September 2002.  On August 22, 2002, Mr. Fritz filed a *pro se* motion to dismiss based on due

---

[8]*See Answer (Doc. 6-2)*, Exhibit D (Docketing Statement in Cause No. D-1215-CR-200200020) at CM-ECF page 14 of 64.  The remaining facts in paragraphs 4 through 6 herein are from this Docketing Statement prepared by Mr. Fritz' trial counsel,  filed in his appeal to the New Mexico Court of Appeals of his conviction in the Appeal from the Twelfth Judicial District Court, Otero County, New Mexico, and filed as Exhibit D to Respondents' *Answer*.

[9]*Id.* at CM-ECF page 14 of 64.

process and his right to a speedy trial.[10]  The September trial date was continued because of a substitution of counsel for the co-defendant, who filed a petition for an extension of time with the New Mexico Supreme Court on November 19, 2002.[11]  The State district court heard Mr. Fritz' *pro se* motion to dismiss on November 22, 2002 and, at that hearing, the district court judge orally dismissed the case against Mr. Fritz because the date for the extension of time for his trial was miscalculated to outside the six-month deadline allowable under NMRA, Rule 5-604.  The order dismissing the case with prejudice was to be prepared and submitted by defense counsel; however, the order of dismissal was never signed by the judge.[12]

       7.     On November 20, 2002, two days prior to the hearing on Mr. Fritz' motion to dismiss at which the district judge orally dismissed the case, the New Mexico Supreme Court granted an extension for the trial date to April 28, 2003.[13]  After the Supreme Court entered an order for the extension of time, the State filed a motion for reconsideration asking the district court to reconsider its dismissal of the case against Mr. Fritz.[14]  A hearing on that motion was held in which Mr. Fritz, now represented by different counsel,[15] testified that he did not discuss a waiver of his right to a speedy trial with his previous counsel, and his former counsel testified that she did not ask Mr. Fritz

---

[10]*Id.* at CM-ECF page 15 of 64, and  **Answer** *(Doc. 6-8)*, Exhibit EE at CM-ECF pages 40 to 42 of 57.

[11]*See* **Answer** *(Doc. 6-2)*, Exhibit D at CM-ECF page 16 of 64, and **Answer** *(Doc. 6-8)*, Exhibit AA.

[12]*See* **Answer** *(Doc. 6-2)*, Exhibit D at CM-ECF page 16 of 64, and **Answer** *(Doc. 6-8)*, Exhibit CC.

[13]*See* **Answer** *(Doc. 6-8)*, Exhibit BB.  This date was later amended to April 24, 2003, when the New Mexico Supreme Court granted, on December 3, 2002, the State's Motion to Reconsider Reason for Extension of Time, which was filed November 25, 2002.  *Id.*, Exhibits EE and HH.

[14]*Id.*, Exhibits DD and GG.

[15]Mr. Fritz' second trial counsel states that she entered her appearance in his case on December 27, 2002. *See* **Answer** *(Doc. 6-2)*, Exhibit D at CM-ECF page 17 of 64.

specifically to waive his right to a speedy trial.  The state district court judge ruled that since the New Mexico Supreme Court extended the trial date before he had entered his order dismissing the case with prejudice, he would grant the motion to reconsider his dismissal of the case.[16]

8.      The trial began on April 10, 2003, and Mr. Fritz' counsel moved to suppress the stop of the vehicle in which Mr. Fritz was found and his show-up identification at the scene of the stop. The district court denied the motions to suppress finding that the police had reasonable suspicion to stop the car and that the identification was not impermissibly suggestive.[17]

9.      On April 11, 2003, the jury returned a guilty verdict for: (1) child abuse (firearm enhancement); (2) aggravated assault (deadly weapon) (firearm enhancement); (3) shooting at a dwelling or occupied building; (4) conspiracy; (5) possession of a firearm or destructive device by a felon; and  (6) aggravated burglary (firearm enhancement).[18]  Mr. Fritz was sentenced to twenty-four and one-half years in prison.[19]

10.      On September 16, 2003, Mr. Fritz appealed his conviction to the New Mexico Court of Appeals.[20]  The New Mexico Court of Appeals affirmed Mr. Fritz' convictions.[21]  On December 29, 2005, Mr. Fritz filed a petition for writ of certiorari with the New Mexico Supreme

---

[16]*See Answer (Doc. 6-2)*, Exhibit D at CM-ECF page 17 of 64.

[17]*Id.* at CM-ECF pages 17 to 18 of 64.

[18]*Id.*, Exhibit A (Judgment and Sentence Commitment to Penitentiary) at CM-ECF pages 1 to 2 of 64.  The State dismissed the "Use or Possession of Drug Paraphernalia" misdemeanor charge.  *Id.* at CM-ECF page 2.

[19]*Id.* at page 3 of 64.

[20]*Id.,* Exhibit B (Notice of Appeal filed with the New Mexico Court of Appeals).

[21]*See Answer (Doc. 6-5)*, Exhibit N (Memorandum Opinion).  *See also See Answer (Doc. 6-2)*, Exhibits E (Notice Proposed Summary Disposition) and G (Second Notice Proposed Summary Disposition).

Court, seeking review of the New Mexico Court of Appeals' memorandum opinion.[22]   The New Mexico Supreme Court denied Mr. Fritz' petition for writ of certiorari on February 22, 2006, without issuing an opinion.[23]

11.   Mr. Fritz filed a *pro se* petition entitled "Petition for Extraordinary Writ Review (or in the Alternative) Emergency Petition for Writ of Habeas Corpus" with the New Mexico Supreme Court, which was remanded to the Twelfth Judicial District Court on or about November 3, 2006.[24] The Twelfth Judicial District Court summarily denied the habeas petition on January 2, 2007.[25] Mr. Fritz filed a petition for writ of certiorari to the New Mexico Supreme Court on January 31, 2007, seeking review of the trial court's dismissal of Mr. Fritz' "Petition for Extraordinary Writ Review (or in the Alternative) Emergency Petition for Writ of Habeas Corpus," and denial of an evidentiary hearing on the issue of ineffective assistance of counsel, and denial of Mr. Fritz' claims for double jeopardy.[26]   The New Mexico Supreme Court denied the petition on April 9, 2007.[27]

12.   On June 18, 2007, Mr. Fritz filed his ***Application*** for federal *habeas corpus* relief with this Court.   This ***Application*** was timely filed.   *See* 28 U.S.C. § 2244(d)(1).

---

[22]*See **Answer** (Doc. 6-5)*, Exhibit O.

[23]*See **Answer** (Doc. 6-6)*, Exhibit Q.

[24]*Id.*, Exhibits S, T and U (Mr. Fritz' Petition was submitted twice, *see* Exhibits S and U).

[25]*Id.*, Exhibit V.

[26]*See **Answer** (Doc. 6-7)*, Exhibit W at CM-ECF pages 2-4 of 58.   Mr. Fritz states that the trial court summarily dismissed his habeas petition on the basis that the issues were addressed by the New Mexico Court of Appeals, but Mr. Fritz claims that "[t]he essential facts were not addressed by the district [c]ourt."   *Id.* at CM-ECF page 4 of 58.

[27]*See **Answer** (Doc. 6-8)*, Exhibit Z.

## II.  Claims for Habeas Corpus Relief

### A.  Standards of Review

13.     The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996[28] (hereinafter, "AEDPA"), govern this case.[29]  The Court cannot grant Mr. Fritz habeas relief pursuant to 28 U.S.C. § 2254(d) unless the decision in his state court proceeding (a) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (b) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2).  The United States Supreme Court has construed these statutory provisions, and established rules for applying them, in a series of cases decided since the enactment of AEDPA.[30]

14.     The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in 28 U.S.C. § 2254(d)(1), "'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'"  *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

---

[28]110 Stat. 1214.

[29]The standards in AEDPA apply to this case because the **Application** was filed after the effective date of AEDPA which was April 24, 1996.  *See Upchurch v. Bruce*, 333 F.3d 1158, 1162 (10th Cir. 2003), *cert. denied*, 540 U.S. 1050 (2003).

[30]*See, e.g., Wright v. Van Patten*, __ U.S. __, 128 S.Ct. 743 (2008); *Fry v. Pliler*, __ U.S. __, 127 S.Ct. 2321 (2007); *Bell v. Cone*, 543 U.S. 447 (2005) (*per curiam*); *Mitchell v. Esparza*, 540 U.S. 12 (2003) (*per curiam*); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) (*per curiam*); *Early v. Packer*, 537 U.S. 3 (2002) (*per curiam*); *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Williams v. Taylor*, 529 U.S. 362 (2000).

15.     Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" United States Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." *Williams*, 529 U.S. at 413.  A state court decision is also "contrary to" Supreme Court precedent "if the state court decides [the] case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.*   However, a state court decision is not "contrary to" Supreme Court precedent "simply because the court did not cite [Supreme Court] opinions . . . .   [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)). *See also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (noting presumption that state courts know and follow the law); *Miller v. Mullen*, 354 F.3d 1288, 1292-1293 (10th Cir. 2004) (AEDPA applicable notwithstanding state court's failure to cite or discuss federal case law).  Indeed, a state court need not even discuss the federal law applicable to a claim in order for AEDPA standards to apply.  So long as the state court does not dismiss a claim on procedural grounds, a federal court applies the AEDPA standards regardless of whether there is any reasoning supporting the "decision."[31] Moreover, if a state court's decision does not conflict with the reasoning or the holdings of Supreme Court precedent, the decision is not "contrary to" such precedent under 28 U.S.C. §2254(d)(1)

---

[31]*See Cook v. McKune*, 323 F.3d 825, 830-831 (10th Cir. 2003); *see also Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (discussing that in *Weeks v. Angelone*, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim the state court dismissed summarily without any explanation of how it reached its decision); *compare Morris v. Burnett*, 319 F.3d 1254, 1267 (10th Cir. 2003) ("[w]hen the state court addresses the great bulk of the issues raised by the petitioner's brief in that court but omits to address a particular claim, we have inferred that the claim was not decided 'on the merits' in the state court . . . [and,] [t]herefore, we do not apply the deferential review set forth in 28 U.S.C. § 2254(d) with respect to that claim.")

simply because the federal court holds a different view where Supreme Court precedent "is, at best, ambiguous." *Mitchell,* 540 U.S. at 17.

16.     Under 28 U.S.C. § 2254(d)(1), a state court decision involves an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  However, "a federal habeas court may not issue [a writ of habeas corpus] simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76 (internal quotations and citations omitted).  "Rather, that application must be objectively unreasonable." *Id.* at 76.  A state court cannot be said to have "unreasonabl[y] appli[ed] clearly established Federal law," under 28 U.S.C. § 2254(d)(1), if no Supreme Court decision provides a clear answer to a question presented in the state court. *See Wright v. Van Patten*, __ U.S. __, 128 S.Ct. 743, 747 (2008) (citing *Carey v. Musladin*, 549 U.S. __, __, 127 S.Ct. 649, 654 (2006)).

17.     Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect. *See Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

18.     The deferential AEDPA standard of review applies to habeas claims that were adjudicated on the merits in state court proceedings. *See* 28 U.S.C. § 2254(d).  If the state court did not adjudicate a claim on the merits, and the claim is not otherwise procedurally barred, a federal court reviews the claim *de novo* under the pre-AEDPA standard of review. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)). Under the pre-AEDPA standard of review, a state court's findings of fact are afforded a presumption

of correctness and both legal conclusions and mixed questions of law and fact are reviewed *de novo*. *See Castro v. Ward*, 138 F.3d 810, 815-816 (10th Cir. 1998). "[T]he presumption of correctness will continue to apply to any findings of fact underlying mixed questions." *Id.* at 816 (quoting *Case v. Mondragon*, 887 F.2d 1388, 1393 (10th Cir. 1989)). See *also* 2 Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 32.1, at 1565 (5th ed. 2005) (if § 2254 habeas claim was not adjudicated on the merits, federal court must employ pre-AEDPA standard of *de novo* review of legal and mixed legal-factual rulings).

### B. Analysis

19.     Subject to the foregoing standards, the Court considers Mr. Fritz' claims in this proceeding.

#### 1. Ineffective Assistance of Trial Counsel

20.     To establish a claim of constitutionally ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution, a petitioner must show: (a) that his attorney's representation fell below an objective standard of reasonableness; and (b) that there is a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 and 694 (1984). Conclusory assertions are insufficient to establish ineffective assistance. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Failure to meet either part of this test defeats an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687.

11

### a. Failure to Sever Felon in Possession Charge or to Seek Limiting Instruction

22.     Mr. Fritz claims that his trial counsel was ineffective for failing to move to sever the felon in possession of a firearm count from the other charges against him, or, in the alternative, for failing to ask for a limiting instruction for the felon in possession charge to tell the jury to consider Mr. Fritz' felony conviction only for purposes of the firearm possession charge.[32] Mr. Fritz states that the failure to sever the felon in possession charge allowed the State to introduce evidence that Mr. Fritz had a prior felony conviction and thereby prejudiced his trial because the jury's attention was diverted from the "question of the defendant's [r]esponsibility for the crime charged to the improper issue of his bad character."[33]

23.     Respondents state that Mr. Fritz' claim should fail because the New Mexico Court of Appeals found there was no error based on trial counsel's performance, and that the State was properly permitted to introduce evidence of Mr. Fritz' prior felony conviction to prove an essential element of the felon in possession charge.[34]

24.     Applying the *Strickland* standard to Mr. Fritz' ineffective assistance of counsel claim, the Court finds no merit to the claim because Mr. Fritz fails to demonstrate that there is a reasonable probability that if the felon in possession charge had been severed from the other charges, or if the jury had received a limiting instruction, that the outcome of the trial would have been different.  First, Mr. Fritz makes no showing that a motion to sever the felon in possession charge had a reasonable probability of being granted, and even if it had been granted, the New Mexico Court of Appeals found

---

[32]*See Application (Doc. 1)* at CM-ECF 6 of 18.

[33]*Id.*

[34]*See Brief in Support of Motion to Dismiss (Doc. 12)* at 8-9.

that Mr. Fritz' "[c]ounsel made a notable effort to assess the opinions of prospective jurors regarding any possible prejudices they might have regarding [Mr. Fritz'] status as a convicted felon."[35]  As to the issue of Mr. Fritz' trial counsel failing to ask for a limiting instruction, the New Mexico Court of Appeals found that this was a "tactical decision not to call further attention to the conviction in the instructions which [the appellate court] will not second guess."  The Court finds that trial counsel's decision not to ask for a limiting instruction did not result in an unfair trial.  *See Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997) ("A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness.").  Accordingly, Mr. Fritz has not demonstrated a reasonable probability that the outcome of his trial would have been different if his trial counsel had moved to sever the felon in possession charge or had asked for a limiting instruction, and thus Mr. Fritz does not show that his counsel was ineffective on these grounds under the second prong of *Strickland*.

### b. Failure to Obtain Mr. Fritz' Consent for Motion for a Continuance

25.     Mr. Fritz next claims that his first trial counsel was ineffective for failing to obtain his consent before asking the court for continuances of his trial.[36]  Mr. Fritz states that his first trial counsel asked for a second continuance based on the substitution of counsel for Mr. Fritz' co-defendant, which was not relevant to his case or his counsel's trial preparation.  Mr. Fritz also states that his counsel stated in her motion that Mr. Fritz had waived time limits and speedy trial

---

[35]*Answer (Doc. 6-5)*, Exhibit N at CM-ECF pages 20 to 21 of 48.

[36]*Application (Doc. 1)* at CM-ECF page 12 of 18.

issues, but that she later testified at a hearing that Mr. Fritz was in fact unaware of the motions for

continuances and that he had not specifically waived his right to a speedy trial.[37]

26.     Respondents state that this claim fails because the assertion that Mr. Fritz did not

agree to any of the stipulated continuances was contradicted by the testimony of his first counsel, and

the New Mexico Court of Appeals deferred to the trial court's "'disinclination to believe' that

[Mr. Fritz] did not agree to the continuances."[38]

27.     The Court finds that Mr. Fritz does not meet the second *Strickland* prong here

because he fails to make any showing of how the continuance of his trial prejudiced him in any way.

Even if his first counsel failed to obtain his consent for her motion for a continuance, Mr. Fritz fails

to demonstrate how that action resulted in a reasonable probability that the outcome of his trial would

have been different.  Thus, the Court recommends that Mr. Fritz' claims for ineffective assistance of

counsel be denied.

### 2. Prosecutorial Misconduct

28.     Mr. Fritz alleges prosecutorial misconduct for two reasons: (1) that the prosecution

failed to provide sufficient evidence for the charges of aggravated burglary and child abuse; and

(2) the prosecution should have dismissed the charge of aggravated assault on double jeopardy

grounds.  Mr. Fritz states that there was not sufficient evidence of burglary because Mr. Fritz was

a guest at the party, and thus did not enter the dwelling without authorization, which is an element

of the crime of burglary.  Mr. Fritz alleges there was not sufficient evidence of child abuse because

---

[37]*Id.* at CM-ECF pages 12 to 13 of 18.

[38]*See* **Brief in Support of Motion to Dismiss** *(Doc. 12)* at 9 (citing **Answer** *(Doc. 6-5)*, Exhibit N at CM-ECF page 5 of 48.).

Mr. Fritz claims that the child in the house was in a back bedroom and was not "in the physical line of danger during the shooting. And finally, Mr. Fritz alleges that the prosecution should have dismissed the charge of aggravated assault because he claims that it was double jeopardy for the prosecution to use the same conduct to punish him for two different charges (aggravated burglary and aggravated assault).[39]

29.     Respondents state that these allegations fail because the New Mexico Court of Appeals found that there was sufficient evidence to support the aggravated burglary and child abuse convictions, and found no double jeopardy violation. Respondents state that the state court reviewing Mr. Fritz' state habeas corpus petition "also found no grounds for the claim of prosecutorial misconduct."[40]

### a. Sufficiency of the Evidence

30.     Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Evidence of guilt is sufficient if, when viewed in the light most favorable to the prosecution, any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The issue before the federal court on habeas review of sufficiency of the evidence claims under AEDPA, 28 U.S.C. § 2254(d)(1), is whether the court of appeals "reasonably decided that a 'rational trier of fact could have found the essential elements of the crime beyond a

---

[39]*See Application (Doc. 1)* at CM-ECF page 7 of 18.

[40]*See Brief in Support of Motion to Dismiss (Doc. 12)* at 9. *See also Answer (Doc. 6-5)*, Exhibit N at CM-ECF pages 12-18 and Exhibit V.

reasonable doubt.'"  *Torres v. Lytle*, 461 F.3d 1303, 1313 (10th Cir. 2006) (quoting *Jackson*, 443

U.S. at 319).  This standard of review, based on an evaluation of what a reasonable jurist could have

decided about a reasonable juror, is described by the Tenth Circuit as "deference squared."  *Id.*[41]

       31.      In Mr. Fritz' direct appeal, the New Mexico Court of Appeals found that there was

sufficient evidence to support a finding by a reasonable jury that each element of the crimes of

aggravated burglary and child abuse were established beyond a reasonable doubt.[42]  The court of

appeals found that there was sufficient evidence to support a finding of an unauthorized entry into

the dwelling because "[t]he evidence supports a finding beyond a reasonable doubt that [Mr. Fritz']

permission to be in the residence was revoked and that his subsequent forcible re-entry constituted

entry [] without authorization."[43]  The court of appeals also found that the evidence presented to the

jury shows that Mr. Fritz "indiscriminately fired multiple shots into the Williams' residence when he

knew or should have known that anyone in the house, including the one-year-old baby, could have

been hit."  The court found that this evidence was sufficient "for the jury to reasonably find that the

child was in [] risk of danger and exposed to a significant risk of harm."[44]  There is nothing that has

been presented to this Court to justify a finding that the New Mexico Court of Appeals' decision was

---

[41]In the alternative, under 28 U.S.C. § 2254(d)(2), the issue would be whether the decision of the court of appeals was based on an unreasonable determination of the facts in light of the evidence presented.  While there is "some debate" in the Tenth Circuit as to whether a challenge to the sufficiency of the evidence is a question of law subject to review under 28 U.S.C. § 2254(d)(1), or a question of fact subject to review under 28 U.S.C. § 2254(d)(2), the Tenth Circuit has treated the issue as a legal one when the habeas petitioner did not specifically challenge the state court's factual findings.  *See Torres v. Mullin*, 317 F.3d 1145, 1151-52 (10th Cir. 2003).  Here, Mr. Fritz' does not appear to contend that the state court's factual findings were erroneous, but nevertheless, the Court finds that even upon review under 28 U.S.C. § 2254(d)(2), the New Mexico Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented.

[42]*See **Answer** (Doc. 6-5)*, Exhibit N at CM-ECF pages 12 to 14 of 48.

[43]*Id.* at CM-ECF page 13 of 48.

[44]*Id.* at CM-ECF pages 13 to 14 of 48 (internal quotation marks and citations omitted).

unreasonable.  The Court agrees that a rational trier of fact could have found sufficient evidence of the elements of the crimes of aggravated burglary and child abuse.  The undersigned, therefore, recommends that Mr. Fritz' claim for prosecutorial misconduct on the basis of insufficient evidence be denied.

### b. Double Jeopardy

32.      Mr. Fritz claims that his convictions for both aggravated burglary and aggravated assault constitute double jeopardy because they are based on the same conduct.  This Court "should defer to a state court's interpretation of state law in determining whether an incident constitutes one or more than one offense for double jeopardy purposes."  *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir.1995) (citations omitted).  Under New Mexico law, state appellate courts conduct a two-part test for determining legislative intent as to multiple punishments.  *State v. Contreras,* 903 P.2d 228, 231 (N.M. 1995).  First, the court must inquire as to "whether the conduct underlying the offenses is unitary."  *Id.* (citing *Swafford v. State*, 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991)).  If the conduct is non-unitary, then multiple punishments would not violate the Double Jeopardy Clause.  *Id.*  If the conduct is unitary, the court must then proceed to the second prong of the test, which asks "whether [the] state legislature intended multiple punishments for unitary conduct."  *Id.* "Conduct is unitary if it is not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished."  *State v. LeFebre*, 19 P.3d 825, 830 (N.M. Ct. App. 2001).

33.      The New Mexico Court of Appeals rejected Mr. Fritz' claim that his convictions for aggravated burglary and aggravated assault constitute double jeopardy because they are based on the same conduct by finding that the aggravated burglary conviction resulted from Mr. Fritz forcing his

way into the residence while armed with a gun, and the aggravated assault conviction resulted from Mr. Fritz pointing a gun at a person's head.[45]   The court of appeals found that there was a separation of time and physical distance between the acts because Mr. Fritz "had to forcibly push through the door of the residence, and orient himself once he was inside, before he pointed a gun at Ty-San Evans' head."[46]   The court of appeals thus found that the crime of aggravated burglary was completed "[a]t the moment that [Mr. Fritz] forced his way into the residence," and that "the forced entry and threat were separated by physical distance."[47]   The court of appeals further found that the "quality and nature of the acts militate against them being unitary," and that the objective of the two acts were different.   Thus, the court of appeals found that Mr. Fritz' "conduct was sufficiently separated as to time, space, and objective so as to be non-unitary."[48]   This Court does not conclude that the decision of the New Mexico Court of Appeals to deny Mr. Fritz' double jeopardy claim was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.   Therefore, the undersigned recommends that relief should be denied on the issue of double jeopardy.

### 3.  Judicial Misconduct

34.     Mr. Fritz claims that the judge in his trial erred in denying his motion to suppress the police stop of his vehicle because the description of the car was different from the car in which  he

---

[45]*See Answer (Doc. 6-5)*, Exhibit N at CM-ECF page 18 of 48.

[46]*Id.* at CM-ECF pages 17 to 18 of 48.

[47]*Id.* at CM-ECF page 18 of 48.

[48]*Id.*

was riding.[49]  Mr. Fritz claims that "the car was pulled over because of the number of occupants inside."[50]  Respondents state that this issue was addressed and resolved by the New Mexico Court of Appeals, which found that the state district court properly denied Mr. Fritz' motion to suppress.[51]

35.     The New Mexico Court of Appeals reviewed the trial court judge's decision to deny Mr. Fritz' motion to suppress on direct appeal, and found that the police officer had reasonable suspicion to stop the vehicle that Mr. Fritz was in because it was seen within two blocks from the address where shots had been fired, it was the only car in the area, it was being driven in an erratic manner, and it could reasonably appear to the officer to be close to the color of the car that was described by dispatch, given that it was stopped "in a residential area on a dark and rainy night."[52] Mr. Fritz makes no showing that the trial judge's decision to deny Mr. Fritz' motion to suppress based on the police stop of the vehicle is either contrary to clearly established Federal law, or is based on an unreasonable determination of the facts in light of the evidence presented.  Therefore, the Court recommends finding that Mr. Fritz' claim for habeas relief for judicial misconduct be denied.

### 4. Violation of Right to a Speedy Trial

36.     Mr. Fritz claims that his right to a speedy and public trial under the United States and New Mexico Constitutions was violated.[53]  He claims that there was a sixteen-month delay for his

---

[49]See *Application (Doc. 1)* at CM-ECF page 9 of 18. It appears that Mr. Fritz means that the description of the car that was given to police by dispatch.  *See Answer (Doc. 6-5)*, Exhibit N at CM-ECF page 9 of 48.

[50]See *Application (Doc. 1)* at CM-ECF page 9 of 18.

[51]See **Brief in Support of Motion to Dismiss (Doc. 12)** at 9-10.

[52]See *Answer (Doc. 6-5)*, Exhibit N at CM-ECF pages 9 to 10 of 48.

[53]See *Application (Doc. 1)* at CM-ECF page 12 of 18.

trial which was caused by the State and was prejudicial to him.[54]   Respondents state that the New Mexico Court of Appeals denied this claim because it was not preserved, and that it, therefore, may be barred from review by this Court.[55]

37.  If a state court denies a federal claim on the basis of a state procedural deficiency, federal habeas review is precluded when the state court has disposed of the claim on a state procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).  If a state court's decision is not "adequate" and "independent" of federal law, then federal habeas review is on the merits under a *de novo* standard of review.  *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001) ("If a claim was not decided on the merits by the state courts (and is not otherwise procedurally barred), we may exercise our independent judgment in deciding the claim.").  In addition, a federal court may, in its discretion, decide an issue on the merits "to bypass complex issues of . . . procedural bar." *Revilla v. Gibson*, 283 F.3d 1203, 1210-11 (10th Cir. 2002) (citing *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000)).

38.     On direct appeal, the New Mexico Court of Appeals held that Mr. Fritz failed to preserve his claim of a speedy trial violation.[56]   The court of appeals explained that the issue concerning a violation of the right to a speedy trial "must be raised in the trial court and a ruling invoked on the issue or it will not be considered on appeal."[57]   Since Mr. Fritz filed his *pro se* motion

---

[54]*Id.*

[55]*See* **Brief in Support of Motion to Dismiss** *(Doc. 12)* at 10.

[56]*See* **Answer** *(Doc. 6-5)*, Exhibit N at CM-ECF page 6 of 48.

[57]*Id.* (citing *State v. Rojo*, 126 N.M. 438, 971 P.2d 829 (N.M. 1999)).

asserting his speedy trial right less than eight months after his arrest, the trial court held that the motion was premature, and Mr. Fritz never renewed his motion.[58]  The court of appeals found that Mr. Fritz' speedy trial argument was not preserved because the trial court did not rule on the issue of the time period from Mr. Fritz' arrest to trial, and, thus, the court of appeals declined to address it.

39.     The Tenth Circuit has held that New Mexico's procedural bar for speedy trial violations is not an "adequate" basis for the court's decision under *Harris* because New Mexico courts have not applied their procedural bar rule strictly and regularly to claims of speedy trial violations.  *See Gutierrez v. Moriarty*, 922 F.2d 1464, 1469-71 (10th Cir. 1991).  Thus, there is no procedural bar from federal habeas review of Mr. Fritz' federal speedy trial claim, and the Court will consider his claim on the merits.

40.     To determine whether a party has asserted a valid Sixth Amendment claim of denial of his right to a speedy trial, courts utilize the four-part test of *Barker v. Wingo*, 407 U.S. 514 (1972): (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the delay prejudiced the defendant.  *Id.* at 530.

41.     The Court weighs the first factor only slightly in favor of Mr. Fritz because, while the delay of over one year from Mr. Fritz' arrest to his trial can be considered presumptively prejudicial, the delay of sixteen months is not exceptional given the changes in counsel for Mr. Fritz and his co-defendant, as each new counsel needed additional time to prepare for trial.  *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (holding that a delay of over one year may be considered presumptively prejudicial, but noting that "'presumptive prejudice" does not necessarily indicate a

---

[58]*See **Answer** (Doc. 6-5)*, Exhibit N at CM-ECF page 6 of 48.

statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* [i]nquiry.").

42.     In considering the second factor, the Court notes that the reasons for the delay include allowing Mr. Fritz' attorney more time to investigate the case, additional time for Mr. Fritz' co-defendant's new counsel, and other reasons that are unexplained by the record.[59]  The Court weighs this factor slightly in favor of Mr. Fritz because, even though the delay to give Mr. Fritz' counsel more time to investigate benefitted Mr. Fritz, it is not clear from the record that Mr. Fritz agreed to this delay.[60]

43.     The Court also weighs the third factor slightly in favor of Mr. Fritz because, although Mr. Fritz asserted his right to a speedy trial less than one year after his arrest, he did not renew his motion to the district court after it was denied as being premature.[61]

44.     The Court weighs the fourth factor against Mr. Fritz because, in his *Application (Doc. 1)*, Mr. Fritz makes only a conclusory allegation that he was prejudiced by the delay, but sets forth no facts supporting this allegation.  *See Hall v. Bellmon*, 935 F.2d at 1110 (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim).  Mr. Fritz made a similar claim in his direct appeal to the New Mexico Court of Appeals, where he claimed that he was prejudiced by the delay of the trial because of anxiety felt while awaiting trial, and because a witness that the State was going to call was unavailable for the trial

---

[59]*See Answer (Doc. 6-2)*, Exhibit D at CM-ECF pages 15-17 of 64, Exhibit E at CM-ECF page 40 of 64, and Exhibit G at CM-ECF pages 62-63 of 64.

[60]*See Answer (Doc. 6-2)*, Exhibit D at CM-ECF page 17 of 64.

[61]*See Answer (Doc. 6-5)*, Exhibit N at CM-ECF page 6 of 48.

because she had moved out of New Mexico.[62]  If this is Mr. Fritz' claim in this proceeding, the Court

finds no merit to the claim because Mr. Fritz does not allege that the delay prejudiced him beyond the

general anxiety felt by all prisoners awaiting trial, and Mr. Fritz presents no evidence that the missing

witness would have helped his case.  It appears, based on statements made by Mr. Fritz' attorney on

direct appeal, that the witness was listed on the State's witness list, and she would have testified that,

at the time of the shooting, she was talking on her cell phone with the driver of the car in which Mr.

Fritz was found and that the driver told her that Mr. Fritz was passed out in the back seat of the car.[63]

The Court finds that Mr. Fritz does not demonstrate prejudice based on the witness' unavailability

because: (1) Mr. Fritz does not allege  that the delay caused the witness' non-appearance, only that

she had moved out of New Mexico; (2) it is unlikely that the witness would have been helpful to Mr.

Fritz' defense since she was listed on the State's witness list and not on Mr. Fritz' witness list; and

(3) the witness' proposed testimony appears to be of very limited value to Mr. Fritz since it appears

she was only going to testify about what a third-party told her about Mr. Fritz' whereabouts at the

time of the shooting.  *See Jackson v. Ray*, 390 F.3d 1254, 1265 (10th Cir. 2004) ("In arguing that

the unavailability of a witness impaired the defense, a defendant must 'state[ ] with particularity what

exculpatory testimony would have been offered.'") (citing *United States v. Tranakos*, 911 F.2d 1422,

1429 (10th Cir. 1990)); *Gutierrez*, 922 F.2d at 1472 (holding that the petitioner did not show "the

prejudice required to establish unconstitutional preindictment delay" when there was no evidence

showing that the unavailability of the witness was due to the delay).

---

[62]*See **Answer** (Doc. 6-2)*, Exhibit F at CM-ECF pages 43 and 51 of 64, and *(Doc. 6-3)* Exhibit H at CM-ECF
page 6 of 60.

[63]*Id.*

45.     The Court finds that Mr. Fritz has not established that his Sixth Amendment right to a speedy trial was violated because the length of delay between Mr. Fritz' arrest and trial was not inordinate, the Court weighed the reasons for delay and Mr. Fritz' assertion of his right only slightly in his favor, and Mr. Fritz failed to establish any prejudice arising from the delay, a factor which weighs heavily against him.  The undersigned, therefore, recommends that this claim be denied.

### 5.  *Vindictive Prosecution*

46.     Mr. Fritz bases his claim for vindictive prosecution (which he also calls "[m]alicious [p]rosecution/[p]rosecutorial [m]isconduct") on allegations that the New Mexico Supreme Court was "somewhat misguided" because the attorney for his co-defendant filed a motion for extension of time which included Mr. Fritz' case, and that the prosecution "blatantly lied and misled the district court and the state Supreme Court" by: (1) telling the district court (in the State's amended motion for reconsideration) that the state Supreme Court was "fully aware of the facts that the original time ran in October 2002," which led the district court to reconsider its order dismissing Mr. Fritz' case; and (2) failing to inform the New Mexico Supreme Court that the district court had dismissed the case against Mr. Fritz when it was considering the motion for extension of time filed by his co-defendant's counsel.[64]

47.     Respondents state that this claim was answered by the New Mexico Supreme Court and by "various rulings concerning the granting of an extension and the eventual prosecution."[65] Respondents claim that "[t]his unusual situation was resolved based on state law" and that "[n]o

---

[64]*See **Application** (Doc. 1)* at CM-ECF page 14.

[65]*See **Brief in Support of Motion to Dismiss** (Doc. 12)* at 10.

federal constitutional issue has been presented to show that [Mr. Fritz] was subject to a vindictive prosecution."[66]

48.     To establish a claim for prosecutorial vindictiveness, a party must prove either actual vindictiveness or a realistic likelihood of vindictiveness such that it gives rise to a presumption of vindictiveness. *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997).  The New Mexico Court of Appeals found that the prosecution did not act improperly in either the district court or state Supreme Court proceedings that took place regarding the dismissal of the case, subsequent reconsideration of that dismissal, or extension of time for trial.[67]  The court of appeals explained that it was the co-defendant's counsel who filed the motion for an extension of time, not the prosecution, and that "once the Supreme Court granted an extension, the trial court was bound by that order."[68] Further, the court of appeals explained that there is nothing in NMRA, Rule 5-604 "to prevent filing a petition in the Supreme Court when the trial court's extension will expire before a trial date can be set."[69]

49.     The Court finds that Mr. Fritz has alleged nothing that would prove either actual vindictiveness or a likelihood of vindictiveness by the prosecution.  Mr. Fritz points to nothing other than that the district court's oral dismissal was subsequently made ineffective by the New Mexico Supreme Court granting the extension requested by his co-defendant, which does not demonstrate vindictiveness on the part of the prosecution.  If either the district court or the New Mexico Supreme

---

[66]*Id.*

[67]*See **Answer** (Doc. 6-5)*, Exhibit N at CM-ECF pages 4 to 5 of 48.

[68]*Id.* at CM-ECF pages 4 to 5 of 48 (citing *Alexander v. Delgado*, 507 P.2d 778, 779 (1973)).

[69]*See **Answer** (Doc. 6-5)*, Exhibit N at CM-ECF page 5 of 48.

Court were under any false impressions of the status of the motions in front of them, Mr. Fritz'

counsel could have presented any facts that were missing at the district court's hearing on the State's

motion for reconsideration of the district court's dismissal of Mr. Fritz' case, and in response to the

petition for an extension filed with the New Mexico Supreme Court.  Mr. Fritz does not allege that

either he or his attorney were in any way precluded from participating in the proceedings of which

he now complains.  Thus, the Court finds that Mr. Fritz has not proven either actual vindictiveness

or the likelihood of vindictiveness, and the undersigned recommends that this claim be denied.

### C. Conclusion

45.     For the foregoing reasons, the Court finds that habeas relief is not warranted on

Mr. Fritz' claims.  He has failed to demonstrate that his trial counsel was ineffective, and has failed

to demonstrate or cite to any evidence in the record of prosecutorial misconduct, judicial misconduct,

violation of his right to a speedy trial, or vindictive prosecution.  Therefore, the undersigned

recommends that ***Respondents' Motion to Dismiss Petition with Prejudice (Federal Habeas Corpus***

***Proceeding / 28 U.S.C. § 2254)*** (*Doc. 11*) be granted, Mr. Fritz' ***Application for a Writ of Habeas***

***Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*)  for habeas relief be

denied and this case be dismissed with prejudice.

## RECOMMENDED DISPOSITION

The Court recommends that ***Respondents' Motion to Dismiss Petition with Prejudice (Federal Habeas Corpus Proceeding / 28 U.S.C. § 2254)*** (*Doc. 11*) be **GRANTED**, that Mr. Fritz' ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) be **DENIED** as without merit, and that this case be **DISMISSED WITH PREJUDICE**.


*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**